UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN MARION,

    Petitioner,

Case No. 12-cv-13127

HONORABLE VICTORIA A. ROBERTS

v.

MARY BERGHUIS,

    Respondent.
_____/

**OPINION AND ORDER (1) GRANTING PETITIONER'S MOTION
TO STAY PROCEEDINGS AND HOLD HABEAS PETITION IN ABEYANCE;
(2) DENYING PETITIONER'S MOTION TO APPOINT COUNSEL; AND
(3) DIRECTING CLERK TO ADMINISTRATIVELY CLOSE CASE**

This is a habeas corpus action brought *pro se* by a state prisoner under 28 U.S.C. § 2254. Allen Marion, a Michigan prisoner confined in the Earnest C. Brooks Correctional Facility, Muskegon Heights, Michigan, challenges his jury trial convictions for second degree murder, felony firearm, and possession of a firearm by a felon. Petitioner was sentenced in July, 2009, to prison for: (1) 50 to 75 years for the murder conviction; (2) one to five years for the possession of a firearm conviction; and (3) consecutive two years for the felony firearm conviction.

This matter is before the Court on the Petitioner's motions to stay proceeding and hold his habeas petition in abeyance pending exhaustion of state remedies and the appointment of counsel.

The Court grants Petitioner's motion to stay the proceedings but denies his request to appoint counsel.

I. BACKGROUND

Petitioner was convicted of the shooting death of Joseph Day. Day was shot in Detroit, Michigan, on March 1, 2006. Related charges against Petitioner arose after federal authorities arrested Donald "Ricardo" Sims on drug charges in May 2006. Sims then offered information that he witnessed the Day shooting nine months earlier. Sims was the primary witness against Petitioner at trial.

A jury convicted Petitioner; he filed a direct appeal with the Michigan Court of Appeals. This direct appeal claimed: (1) admission of testimony of the officer in charge violated the prohibition on hearsay and the Confrontation Clause; (2) the trial court erred in admitting evidence of a shooting that occurred at the home of a key witness' grandmother's house shortly before the preliminary examination; (3) the trial court erred in failing to give a limiting instruction on the use of evidence of the shooting; (4) statements made by the prosecutor during closing constituted misconduct; (5) insufficient evidence; and (6) the prosecutor committed misconduct by suppressing evidence and delaying prosecution. The Michigan Court of Appeals affirmed Petitioner's convictions in an unpublished, *per curiam*, opinion. *People v. Marion*, No. 293440 (Mich. App. Jan. 11, 2011). The Michigan Supreme Court denied leave to appeal on July 25, 2011. *People v. Marion*, 489 Mich. 991 (2011).

Petitioner filed his federal petition on July 17, 2012. The petition asserts: (1) the prosecutor committed fraud upon the court by failing to disclose benefits offered in exchange for witness testimony, by introducing false ballistic evidence, and by presenting false testimony; (2) Petitioner's trial counsel was ineffective for failing to impeach Sims and for failing to file a motion for a directed verdict; (3) the prosecutor committed misconduct by

2

providing consideration to a jailhouse informant; and (4) trial counsel was ineffective for: (a) failing to investigate alibi witnesses, and (b) failing to prepare a defense. Petitioner acknowledges that he has not exhausted these claims in state court.

Petitioner filed a motion to hold his habeas petition in abeyance while he returns to state court to exhaust the unexhausted claims asserted in his federal habeas petition. Petitioner also filed a motion to appoint counsel.

## II. ANALYSIS

### A. Motion for Stay

A prisoner filing a petition for a writ of habeas corpus under 28 U.S.C. § 2254 must first exhaust all state remedies. 28 U.S.C. § 2254(b)(1). Exhaustion requires the prisoner to give the state courts a full fair opportunity to resolve any federal constitutional issues "by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *see Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). The burden is on the petitioner to prove exhaustion. *Rust*, 17 F.3d at 160.

Petitioner states he has not exhausted state remedies with regard to claims of prosecutorial misconduct and ineffective assistance of counsel. A prisoner who has not yet exhausted his or her state court remedies may file a "'protective' petition in federal court and ask[] the federal court to stay and abey the federal habeas proceedings until state remedies are exhausted." *Pace v. DiGuglielmo*, 544 U.S. 408, 416 (2005) (citing *Rhines v. Weber*, 544 U.S. 269, 278 (2005)). Where a petitioner has good cause for failing to exhaust, his unexhausted claims are potentially meritorious, and there is no indication of dilatory tactics, the district court should generally stay, rather than dismiss, a mixed petition. *Pace*, 544 U.S.

at 417 (citing *Rhines*, 544 U.S. at 278). "A petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' for him to file in federal court." *Id.* (citing *Rhines*, 544 U.S. at 278).

Petitioner filed the pending petition and the motion to hold it in abeyance to avoid the consequences of the one-year statute of limitations applicable to federal habeas petitions. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year time limit for a state prisoner to file a federal habeas corpus action. *Jimenez v. Quarterman*, 555 U.S. 113, 114 (2009); 28 U.S.C. § 2244(d)(1). The time limit runs from the latest of four periods, usually from the "date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Under this provision, the one-year time period begins to run when the time for filing a petition for writ of certiorari with the United States Supreme Court expires, when, as here, the prisoner does not file a petition for writ of certiorari. *Jimenez*, 555 U.S. at 119.

Petitioner asserts that he will file with the trial court a motion for post-conviction relief. The AEDPA statute of limitations is tolled during the period any "properly filed" motion for post-judgment relief is pending in state court. *See* 28 U.S.C. § 2244(d)(2) ("[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection"). If, however, a state post-conviction motion is not properly filed in accordance with state law, the pendency of the motion does not trigger statutory tolling. *See Pace*, 544 U.S. at 417 (untimely state post-conviction petition not "properly filed," does not toll statute of limitations). So, while a properly filed motion for

4

relief from judgment tolls the limitations period, the Court cannot at this point determine whether the state court will determine that Petitioner's motion was properly filed. Even if the motion is ultimately determined to have been properly filed, little, if any, time remains of the one-year limitation period.

So, a stay is appropriate. Petitioner potentially has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that he engaged in intentionally dilatory litigation tactics. The statute of limitations for federal habeas is close to running out. Under such circumstances, a stay is appropriate. See *Rhines*, 544 U.S. at 278 ("it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics").

The Supreme Court in *Rhines* cautioned, however, that a district court's discretion in structuring the stay is limited by the timeliness concerns in AEDPA. The Court also says that a petition should not be stayed indefinitely, and the stay should be conditioned on the pursuit of state remedies within a certain time period after the stay is entered, with the prisoner returning to federal court within a similarly brief period. *Id.* at 277-78.

This stay which the Court grants is conditioned on Petitioner filing a motion for post-conviction relief with the appropriate state court within 60 days of the date of this order, if he has not filed such a motion already. He must also return to this court within 60 days of the date state court exhaustion is completed. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002) (approving similar conditions on stay). If the conditions of the stay are not met,

"the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed. *Palmer*, 276 F.3d at 781 (internal quotation omitted).

### B. Motion to Appoint Counsel

Petitioner filed a motion to appoint counsel. The Court denies this motion without prejudice; the Court sees no need to appoint counsel in a stayed case, and the Court has no authority to appoint counsel for Petitioner to assist him in his state-court proceedings.

There is no constitutional right to the appointment of counsel in a habeas proceeding. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) ("[o]ur cases establish that the right to appointed counsel extends to the first appeal of right, and no further"); *Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) ("a petitioner does not have a right to assistance of counsel on a habeas appeal") (*citing McCleskey v. Zant*, 499 U.S. 467, 495 (1987)). Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Lemeshko v. Wrona*, 325 F. Supp. 2d 778, 787 (E.D. Mich. 2004); *see* Rule 8(c), Rules Governing Section 2254 Cases in the United States District Courts. Otherwise, the matter lies within the discretion of the court. *Mira v. Marshall*, 806 F.2d 636, 638 (6th Cir. 1986). An indigent habeas petitioner may obtain representation at any stage of the case "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B).

The interests of justice do not require appointment of counsel now. Accordingly, the Court denies the motion without prejudice. Petitioner's motion will be reconsidered if, after the Court reviews the responsive pleadings and the record in more detail, the Court

determines that appointment of counsel is necessary. No further motions need to be filed with respect to this issue.

### III. ORDER

IT IS ORDERED:

(1) Petitioner's Motion to Appoint Counsel [Dkt. 4] is DENIED.

(2) Petitioner's Motion to Stay Proceedings and Hold Habeas Petition in Abeyance [Dkt. 2] is GRANTED.

(3) Petitioner may filed a post-conviction motion for relief from judgment with the appropriate state court within sixty (60) days of the date of this order, if Petitioner has not already filed such a motion.

(4) This case is HELD IN ABEYANCE pending Petitioner's exhaustion of his state court remedies, provided that Petitioner files his post-conviction motion within sixty (60) days of the date of this order, and further provided that he returns to this Court within sixty (60) days of exhausting his state court remedies, and he files a motion to lift the stay and an amended petition adding the exhausted claim.

(5) The Clerk of the Court must CLOSE this case, for statistical purposes only. When the Court receives a motion to reinstate the habeas petition following exhaustion of state remedies, it will order the Clerk to reopen this case for statistical purposes.

SO ORDERED.

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 2, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record and Allen Marion by electronic means or U.S. Mail on August 2, 2012.

s/Carol A. Pinegar
Deputy Clerk