**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALLEN MARION,

       Petitioner,                   Civil No. 2:12-CV-13127
                                         HONORABLE VICTORIA A. ROBERTS
v.                                      UNITED STATES DISTRICT JUDGE

MARY BERGHUIS,

       Respondent,
_____/

## ORDER DENYING THE MOTION FOR THE APPOINTMENT OF COUNSEL AND GRANTING PETITIONER A THIRTY DAY EXTENSION OF TIME TO RE-FILE HIS PETITION FOR WRIT OF HABEAS CORPUS

      Allen Marion, ("Petitioner"), confined at the Brooks Correctional Facility in Muskegon Heights, Michigan, filed a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions for second degree murder, felony firearm, and possession of a firearm by a felon. The Court granted Petitioner's motion to stay the proceedings and hold the petition in abeyance so that Petitioner could exhaust additional claims with the state courts. The stay was conditioned upon Petitioner filing a post-conviction motion within 60 days of the Court's order and returning to this Court within 60 days of the conclusion of the state post-conviction proceedings. The Court also administratively closed the case. *Marion v. Berghuis,* No. 2:12-CV-13127; 2012 WL 3150857 (E.D. Mich. August 2, 2012).

      Petitioner filed a motion for the appointment of counsel to assist him with re-filing

1

his petition for writ of habeas corpus with this Court.  Petitioner indicates in a letter attached to the motion that he wishes to lift the stay after counsel is appointed to represent him but has not formally requested that the stay be lifted.

The Court denies the motion for the appointment of counsel.  There is no constitutional right to counsel in habeas proceedings. *Cobas v. Burgess,* 306 F. 3d 441, 444 (6th Cir. 2002).  The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986).  Petitioner's case is currently closed.  Petitioner would need to reopen the case in order to proceed with a motion for the appointment of counsel. *See e.g. Adderly v. Zickefoose,* 504 Fed. Appx. 78, 80 (3rd Cir. 2012).  Petitioner does not need counsel to assist him with preparing a motion to reopen the case because such a motion would not be complicated to prepare or file. *See Lee v. Utah,* 535 Fed. Appx. 751, 753 (10th Cir. 2013).  The Court denies the motion for appointment of counsel without prejudice to its renewal upon re-activation of the case. *See Mitchell v. McCaughtry,* 291 F. Supp. 2d 823, 834 (E.D. Wis. 2003).

Petitioner indicates in his letter dated July 1, 2014 that he exhausted his state court remedies and had fifty six days left from that date to re-file his petition for writ of habeas corpus, or until August 26, 2014.  Because Petitioner's motion for the appointment of counsel was pending during part of this time, the Court grants Petitioner an additional thirty day enlargement of time from August 26, 2014 to re-file his habeas petition with this Court and will extend the deadline for filing the petition to September 26, 2014.  A

2

federal district court has the power to extend the stay of a habeas petition, particularly where the respondent does not oppose the extension of the stay. *See e.g. Roberts v. Norris,* 415 F.3d 816, 819 (8th Cir. 2005).

The Court **DENIES** the motion for appointment of counsel [Court Dkt. # 8] without prejudice.

The Court further grants Petitioner a thirty day enlargement of time to re-file his habeas petition with the Court. Petitioner has until September 26, 2014 to re-file his petition for writ of habeas corpus.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: August 4, 2014

The undersigned certifies that a copy of this document was served on the attorneys of record and Allen Marion by electronic means or U.S. Mail on August 4, 2014.

S/Carol A. Pinegar
Deputy Clerk