**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ALLEN MARION,

      Petitioner,                        Civil No. 2:12-CV-13127
                                          HONORABLE VICTORIA A. ROBERTS
v.                                    UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

      Respondent,

_____/

## OPINION AND ORDER HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE

This case is on remand from the Sixth Circuit after it reversed this Court's decision to grant habeas relief on Petitioner's ineffective assistance of counsel claim. *Marion v. Woods*, No. 15-2139, ---- F. App'x.----; 2016 WL 4698278 (6th Cir. Sept. 8, 2016); *reh. den. en banc,* No. 15-2139 (6th Cir. Oct. 31. 2016).  On November 22, 2016, the Court ordered the Clerk of the Court to reopen the petition to the Court's active docket and set deadlines for the parties to file supplemental pleadings.

On January 28, 2017, Petitioner filed a petition for writ of certiorari with the United States Supreme Court. See United States Supreme Court Dkt. # 16-7762. Respondent was given until March 3, 2017 to file a reply to the petition for writ of certiorari.

For the reasons that follow, the Petition for Writ of Habeas Corpus is held in abeyance pending a decision from the United States Supreme Court.

1

A federal court has the discretion to hold a case in abeyance pending the Supreme Court's disposition of a petition for writ of certiorari in that case. *See e.g. Florida v, Powell*, 556 U.S. 1162 (2004); *Lorenzo-Echevarria v. Jenifer*, 86 F. App'x. 932, 933 (6th Cir. 2004).

The Court holds the petition for writ of habeas corpus in abeyance pending a decision by the Supreme Court whether to grant or deny Petitioner a writ of certiorari. It would be a potential waste of judicial resources for this Court to adjudicate the remaining claims in the petition, in the event that the Supreme Court were to grant certiorari to Petitioner. In the event that certiorari is denied, the parties will not be prejudiced by a delay in the adjudication of the habeas petition.

IT IS HEREBY ORDERED that the petition for writ of habeas corpus is held in abeyance pending a decision by the Supreme Court on petitioner's request for a writ of certiorari. Should the Supreme Court deny Petitioner a writ of certiorari, Petitioner has **thirty days** from the date of the Supreme Court's decision to ask this Court to lift the stay of proceedings. Should the Supreme Court grant the petition for writ of certiorari and affirms the Sixth Circuit's decision, Petitioner has **thirty days** from the date of the Supreme Court's decision to ask this Court to lift the stay of proceedings.

To avoid administrative difficulties, the Court **ORDERS** the Clerk of Court to **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. *See Sitto v.*

2

*Bock,* 207 F. Supp. 2d 668, 677 (E.D. Mich. 2002).


Dated: February 13, 2017                          S/Victoria A. Roberts
                                                  United States District Judge

3