UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN MARION,

    Petitioner,
                                    Civil No. 2:12-CV-13127
                                    HONORABLE VICTORIA A. ROBERTS
v.                                     UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent,
_____/

**OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, AND (2) TRANSFERRING THE MOTION TO REOPEN THE PETITION FOR WRIT OF HABEAS CORPUS [DKT. # 49] TO THE COURT OF APPEALS PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

This Court granted Petitioner a conditional writ of habeas corpus, holding that Petitioner was denied the effective assistance of trial counsel because his attorney failed to investigate and present an alibi defense. *Marion v. Woods*, 128 F Supp. 3d 987 (E.D. Mich. 2015). The Sixth Circuit reversed the Court's decision. *Marion v. Woods*, 663 F. App'x. 378 (6th Cir. 2016); *cert. den*. 137 S. Ct. 2291 (2017).

Petitioner sent a letter to this Court dated December 17, 2018. Petitioner moves this Court to reopen his case and reinstate his ineffective assistance of counsel claim.

The Clerk of the Court shall reopen the case to the Court's active docket. Petitioner's motion to reopen is a successive habeas petition; The Clerk of the Court shall transfer the motion (Dkt. # 49) to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

1

Petitioner seeks to reopen his case and reinstate his original habeas petition. The Clerk of the Court shall reopen the case to facilitate the adjudication of Petitioner's motion. *See Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629, at * 1 (E.D. Mich. Jan. 15, 2016).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court lacks the jurisdiction to adjudicate a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the petition to the court of appeals. *See In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Petitioner's motion to reopen or to reinstate his habeas petition is an attempt to file a second or successive habeas petition because the motion seeks to re-litigate a claim that was raised in Petitioner's prior habeas petition. *See In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005). Accordingly, the Clerk of Court shall transfer the motion to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

## III.  ORDER

The Court **ORDERS** that:

(1) The Clerk of the Court reopen the case to the Court's Active Docket.

(2) The Clerk of the Court is **ORDERED** to transfer Petitioner's letter [Dkt. # 49] to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

S/Victoria A. Roberts
**HON. VICTORIA A. ROBERTS**
**UNITED STATES DISTRICT JUDGE**

Dated: January 10, 2018