UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN MARION,

    Petitioner,	Civil No. 2:12-CV-13127
                                        HONORABLE VICTORIA A. ROBERTS
v.                                    UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*

This matter is before the Court on Petitioner Allen Marion's Rule 60(b) motion for relief from judgment. For the reasons that follow, the motion is DENIED.

**I. Background**

This Court granted Petitioner a conditional writ of habeas corpus, finding that Petitioner was denied the effective assistance of trial counsel because his attorney failed to investigate and present an alibi defense. *Marion v. Woods*, 128 F Supp. 3d 987 (E.D. Mich. 2015). The Sixth Circuit reversed the decision. *Marion v. Woods*, 663 F. App'x. 378 (6th Cir. 2016); *cert. den*. 137 S. Ct. 2291 (2017).

Petitioner filed a Rule 60(b) motion for relief from judgment. Petitioner alleged that the Michigan Assistant Attorney General committed a fraud upon the court before the United States Court of Appeals for the Sixth Circuit during the appeal of this Court's decision to grant habeas relief.

1

This Court transferred the motion to the Sixth Circuit, because Petitioner alleged that the fraud had been committed upon the Sixth Circuit.

The Sixth Circuit ruled that this Court should not have transferred the Rule 60(b) motion to that court but should have addressed the motion itself, because Petitioner's motion alleged a defect in the integrity of the federal habeas petition and not merely a resolution of the claim on the merits. *In Re Marion,* No. 18-1673, * 2-3 (6th Cir. Sept. 26, 2018). The Sixth Circuit remanded the case to this Court to make the initial determination of whether respondent committed a fraud upon the court during Petitioner's initial habeas case. *Id.*

This Court reopened the case and set deadlines for the parties to file supplemental pleadings. Petitioner did not file a supplemental motion. Respondent filed a supplemental answer.

## II. Discussion

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, such as a motion seeking leave to present a claim that was omitted from the habeas petition due to mistake or excusable neglect, or a motion that seeks to present newly discovered evidence not presented in the petition, or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, should be classified as a "second or successive habeas petition." This requires authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). See *Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005). A Rule 60(b) motion can be considered as raising "a 'claim' if it attacks the federal court's

previous resolution of a claim on the merits, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief." *Id.,* at 532. When a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Gonzalez,* 545 U.S. at 532. A claim of "[f]raud on the federal habeas court," is an "example of such a defect." *Id*. at 532, n. 5.

Petitioner's allegation of a fraud on the court involves a challenge to the defects in the integrity of the habeas proceedings; the motion is not a successive habeas petition.

Petitioner does not allege that a fraud was committed upon this Court, but upon the Sixth Circuit. This Court still believes that this is not the proper forum to address Petitioner's 60(b) motion since the alleged fraud was committed upon the Sixth Circuit. *See Porcelli v. Joseph Schlitz Brewing Co.*, 78 F.R.D. 499, 500 (E.D. Wis. 1978), *aff'd sub nom. Porcelli v. Jos. Schlitz Brewing Co.*, 588 F.2d 838 (7th Cir. 1978). This Court did not adjudicate the appeal and has no way of knowing what documents or exhibits were or were not considered by the Sixth Circuit when that court reversed this Court's decision to grant the writ; this Court cannot conclusively determine whether or not any of the Attorney General's allegedly fraudulent actions had any effect on the Sixth Circuit's decision. This Court is bound, however, by the remand order and will follow it.

The elements of fraud upon the court consists of conduct:

1. on the part of an officer of the court;

2. that is directed to the "judicial machinery" itself;
3. that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;
4. that is a positive averment or is concealment when one is under a duty to disclose; and,
5. that deceives the court.

*Demjanjuk v. Petrovsky,* 10 F. 3d 338, 348 (6th Cir. 1993).

Petitioner's primary allegation is that the Assistant Attorney General misled the Sixth Circuit Court of Appeals by concealing or withholding an affidavit signed by Mr. Marion on September 28, 2012 that Petitioner supplied to this Court and to the state courts which supported his ineffective assistance of counsel claim. Petitioner argued that had this affidavit not been concealed by the Assistant Attorney General, the Sixth Circuit would have affirmed the decision to grant habeas relief.

Petitioner's affidavit was attached to his original and supplemental petitions for writ of habeas corpus. (ECF 1-1, PageID. 141-8, ECF 15, PageID. 337-44). Petitioner also attached this affidavit to the motion for relief from judgment that he filed with the state trial court. The affidavit was filed as part of the Rule 5 materials that were electronically filed with this Court. (ECF 20-12, PageID. 1085-91).

Fed. R. App. P. 10(a) states:

The following items constitute the record on appeal:

(1) the original papers and exhibits filed in the district court;

(2) the transcript of proceedings, if any; and

(3) a certified copy of the docket entries prepared by the district clerk.

Rule 11 of the Sixth Circuit Court rules states:

4

> The district clerk does not forward the electronic record. This court directly accesses the district court's electronic record.

U.S.Ct. of App. 6th Cir. Rule 11, 28 U.S.C.A.

Petitioner's September 28, 2012 affidavit was a part of this Court's record. There is no indication that the Sixth Circuit did not review this affidavit as part of the appellate process. Petitioner did not show that the Attorney General concealed the affidavit.

Petitioner alleges that the Attorney General committed a fraud on the Sixth Circuit by submitting a false and misleading affidavit from his trial counsel.

Petitioner attached this affidavit from his trial counsel Steven Scharg to his original petition for writ of habeas corpus. (ECF 1-1, PageID. 107-08). It was also Petitioner who filed this affidavit on his appeal of right before the Michigan Court of Appeals. (ECF 20-17, PageID. 1232, 1255-57). Petitioner relied on Mr. Scharg's affidavit in support of his claim both before this Court and the Sixth Circuit. This Court, in fact, found that Mr. Scharg's statement in his affidavit was basically an admission that counsel had been ineffective for failing to search for evidence to corroborate Petitioner's alibi defense. *Marion v. Woods*, 128 F. Supp. 3d at 991, 995. Petitioner does not show how the affidavit from Mr. Scharg was misleading.

Petitioner lastly claims that the Attorney General alleges that counsel for respondent misrepresented facts, saying that "[t]he A.A.G. claimed to the Court of Appeals that the trial counsel's claims were never contested, when in fact they were[.]" (ECF 52, PageID. 1932). Petitioner says that "[t]he A.A.G., in his response, stated that Petitioner never

5

presented any evidence otherwise to rebut trial counsel's false affidavit, when in fact, [Marion's] traverse affidavit put the State's entire case to the adversarial test." (*Id.*).

This Court reviewed the Brief For Respondent-Appellant. Case No. 15-2139 (ECF 13). [1] Nowhere does the Attorney General argue that trial counsel's claims were uncontested; the Attorney General argued that "The affidavits in this case are collectively insufficient to overcome" the presumption that counsel's conduct fell within the range of reasonable professional assistance. (*Id.*, PageID. 55). The Attorney General's statement was a legal argument, not an assertion of fact.

Petitioner's fraud on the court claim also fails because Petitioner was aware of all of the alleged fraud at the time of appeal and could have brought it to the Sixth Circuit's attention. *See e.g. Buell v. Anderson,* 48 F. App'x. 491, 498 (6th Cir. 2002).

### III. Conclusion

The Court denies the motion for relief from judgment. The Court denies petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a

---

[1] This Court obtained a copy of the respondent's brief from the Sixth Circuit's website. https://jenie.ao.dcn/ca6-ecf/. Public records and government documents, including those available from reliable sources on the Internet, are subject to judicial notice. See *Daniel v. Hagel,* 17 F. Supp. 3d 680, 681, n. 1 (E.D. Mich. 2014); *United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).

prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.*

In habeas cases involving a district court's denial of a 60(b) motion for relief from judgment on procedural grounds without reaching the merits of any constitutional claims, a petitioner should be granted a certificate of appealability only if he makes both a substantial showing that he or she had a valid claim of the denial of a constitutional right, and a substantial showing that the procedural ruling by the district court is wrong. *See United States v. Hardin,* 481 F. 3d 924, 926, n. 1 (6th Cir. 2007).

Petitioner is not entitled to a certificate of appealability from the denial of his motion for relief from judgment; he failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect.

7

Although the Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is lower than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.

Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous. Therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

### IV. ORDER

**The Court DENIES** the Petition for Writ of Habeas Corpus and a Certificate of Appealability**.**

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

s/ Victoria A. Roberts
**HON. VICTORIA A. ROBERTS**
Dated: 10/28/19        **UNITED STATES DISTRICT JUDGE**