UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN MARION,

    Petitioner,                      Civil No. 2:12-CV-13127
                                    HONORABLE VICTORIA A. ROBERTS
v.                                 UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent,
_____/

**OPINION AND ORDER DENYING THE MOTION FOR WRIT OF HABEAS CORPUS (ECF No. 68), THE MOTIONS TO AMEND (ECF Nos. 69, 70), DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS***

This matter is before the Court on Petitioner Allen Marion's Motion for A Writ of Habeas Corpus and two Motions to Amend. For the reasons that follow, the motions are DENIED.

**I. Background**

This Court granted Petitioner a conditional writ of habeas corpus, finding that Petitioner was denied the effective assistance of trial counsel because his attorney failed to investigate and present an alibi defense. *Marion v. Woods*, 128 F Supp. 3d 987 (E.D. Mich. 2015). The Sixth Circuit reversed the decision. *Marion v. Woods*, 663 F. App'x. 378 (6th Cir. 2016); *cert. den*. 137 S. Ct. 2291 (2017). Petitioner was represented on appeal by members of the Federal Defender Office (FDO) in Detroit, Michigan.

Petitioner filed a Motion for A Writ of Habeas Corpus and two related Motions to Amend the Petition. Petitioner alleges that the attorneys from the Federal Defender Office

1

who represented him on appeal before the Sixth Circuit labored under a conflict of interest because their office previously represented the main prosecution witness, Donald "Ricardo" Sims, in his prosecution in federal court. Mr. Sims was offered a plea agreement in federal court in exchange for his testimony in state court against Petitioner. Mr. Sims was the sole witness against Petitioner. Petitioner claims he was advised on January 23, 2020 from Fabian Renteria Fabrio of the Federal Defender Office that the FDO had neglected to run a "CONFLICT LEIN" on Petitioner when they were initially appointed to represent him on his appeal and only recently learned that the FDO had represented Mr. Sims on his guilty plea and in subsequent proceedings in federal court. Petitioner asks this Court to either grant habeas relief or reopen his case based on his discovery that habeas counsel labored under a conflict of interest.

## II. Discussion

28 U.S.C.§ 2254(i) states that the ineffectiveness of counsel during federal or state post-conviction proceedings "shall not be a ground for relief in a proceeding arising under section 2254." A claim that habeas counsel was ineffective is barred or non-cognizable under § 2254(i). *See Post v. Bradshaw,* 422 F. 3d 419, 423 (6th Cir. 2005); *Cooey v. Bradshaw*, 338 F. 3d 615, 622 (6th Cir. 2003). 28 U.S.C.§ 2254(i)'s language has been extended to bar habeas relief on a claim that habeas counsel labored under a conflict of interest while representing a petitioner during his or her habeas proceedings. *See Brooks v. Bobby*, 660 F.3d 959, 963-64 (6th Cir. 2011). This Court also lacks jurisdiction under 28 U.S.C.§ 2254(i) to grant relief from judgment and reopen Petitioner's habeas case based

on habeas counsel's ineffectiveness for laboring under an alleged conflict of interest. *Brooks v. Bobby*, 660 F.3d at 963; *Post v. Bradshaw*, 422 F.3d at 423.

### III. Conclusion

The Court denies the motion for writ of habeas corpus and the motions to amend. The Court denies Petitioner a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A) and F.R.A.P. 22(b) state that an appeal from the district court's denial of a writ of habeas corpus may not be taken unless a certificate of appealability (COA) is issued either by a circuit court or district court judge. If an appeal is taken by an applicant for a writ of habeas corpus, the district court judge shall either issue a certificate of appealability or state the reasons why a certificate of appealability shall not issue. F.R.A.P. 22(b). To obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).

Petitioner is not entitled to a certificate of appealability from the denial of his motion for a writ of habeas corpus; he failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling that his claim was barred under 28 U.S.C.§ 2254(i) was incorrect. *See e.g. Jimenez v. Fla. Dep't of Corr.*, 481 F.3d 1337, 1343 (11th Cir. 2007).

Although the Court denies a certificate of appealability, the standard for granting an application for leave to proceed *in forma pauperis* (IFP) is lower than the standard for certificates of appealability. *See Foster v. Ludwick,* 208 F. Supp. 2d 750, 764 (E.D. Mich. 2002). While a certificate of appealability may only be granted if petitioner makes a substantial showing of the denial of a constitutional right, a court may grant IFP status if it

finds that an appeal is being taken in good faith. *Id.* at 764-65; 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a). "Good faith" requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Foster,* 208 F. Supp. 2d at 765.

Although jurists of reason would not debate this Court's resolution of Petitioner's claims, the issues are not frivolous. Therefore, an appeal could be taken in good faith and Petitioner may proceed *in forma pauperis* on appeal. *Id.*

## IV. ORDER

**The Court DENIES** the Motion For A Writ of Habeas Corpus (ECF No. 68), the Motions to Amend (ECF Nos. 69 and 70), and a Certificate of Appealability**.**

Petitioner is **GRANTED** leave to appeal *in forma pauperis.*

s/ Victoria A. Roberts
**HON. VICTORIA A. ROBERTS**
**Dated: 2/27/2020**                    **UNITED STATES DISTRICT JUDGE**