UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN MARION,

    Petitioner,                  Civil No. 2:12-CV-13127
                                      HONORABLE VICTORIA A. ROBERTS
v.                                      UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent,
_____/

**OPINION AND ORDER (1) GRANTING THE MOTION TO REOPEN THE CASE TO THE COURT'S ACTIVE DOCKET, (2) TRANSFERRING THE RULE 60(B) MOTION FOR RELIEF FROM JUDGMENT (E.C.F. 72) AND THE SUPPLEMENTAL BRIEF (ECF 73) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A), AND DENYING THE MOTION TO TEMPORARILY REVOKE PETITIONER'S DETENTION**

This matter is before the Court on Petitioner Allen Marion's Rule 60(b) motion for relief from judgment and his motion to temporarily revoke his detention due to the Coronavirus pandemic. For the following reasons, the Court orders the Clerk of the Court to reopen the case to the Court's active docket. The Court transfers the Rule 60(b) motion for relief from judgment and the supplemental brief to the United States Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A) for authorization to file a second or successive habeas petition. The motion to revoke detention is DENIED WITHOUT PREJUDICE.

**I. Background**

This Court granted Petitioner a conditional writ of habeas corpus, finding that he was denied the effective assistance of trial counsel because his attorney failed to

1

investigate and present an alibi defense. *Marion v. Woods*, 128 F Supp. 3d 987 (E.D. Mich. 2015). The Sixth Circuit reversed the decision. *Marion v. Woods*, 663 F. App'x. 378 (6th Cir. 2016); *cert. den*. 137 S. Ct. 2291 (2017).

Petitioner filed a Rule 60(b) motion for relief from judgment. Petitioner alleges that the Wayne County Prosecutor committed a fraud upon the court by withholding from the state trial court and Petitioner's defense counsel, evidence that another person, namely the sister of the sole eyewitness, was considered a suspect in the murder for which Petitioner was convicted. Petitioner also alleges that trial counsel was ineffective for failing to object to the non-disclosure, and that appellate counsel was ineffective for failing to raise this claim on direct appeal.

## II. Discussion

Petitioner seeks to reopen his case and vacate the original judgment. The Clerk of the Court must reopen the case to the Court's active docket for the purpose of facilitating the adjudication of Petitioner's Rule 60 (b) motion. *See Heximer v. Woods,* No. 2:08-CV-14170, 2016 WL 183629, at * 1 (E.D. Mich. Jan. 15, 2016).

A Rule 60(b) motion for relief from judgment which seeks to advance one or more substantive claims following the denial of a habeas petition, must be classified as a second or successive habeas petition under certain circumstances: Motions seeking leave to present: (1) a claim that was omitted from the habeas petition due to mistake or excusable neglect; or (2) newly discovered evidence not presented in the petition; or seeking relief from judgment due to an alleged change in the substantive law since the prior habeas petition was denied, are a "second or successive habeas petition," and

require authorization from the Court of Appeals before filing, pursuant to the provisions of § 2244(b). See *Gonzalez v. Crosby,* 545 U.S. 524, 531 (2005).

When a habeas petitioner's Rule 60(b) motion alleges a "defect in the integrity of the federal habeas proceedings," the motion should not be transferred to the circuit court for consideration as a second or successive habeas petition. *Gonzalez,* 545 U.S. at 532. A claim of "[f]raud on the federal habeas court," is an "example of such a defect." *Id*. at 532, n. 5.

Petitioner invokes this fraud on the court exception. He says the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to inform the Wayne County Circuit Court or defense counsel that the police had investigated the sister of Ricardo Sims as a possible murder suspect; she was a beneficiary on the murder victim's life insurance policy. Petitioner claims he only discovered this evidence on November 18, 2019, after his attorney Colleen Fitzharris petitioned the Detroit Police Department and the Michigan state government for information concerning another suspect. Petitioner claims that he learned that the police had considered Latonya Sims to be a potential suspect to the murder.

The elements of fraud upon the court consists of conduct:

1. on the part of an officer of the court;
2. that is directed to the "judicial machinery" itself;
3. that is intentionally false, wilfully blind to the truth, or is in reckless disregard for the truth;
4. that is a positive averment or is concealment when one is under a duty to disclose; and,
5. that deceives the court.

*Demjanjuk v. Petrovsky,* 10 F. 3d 338, 348 (6th Cir. 1993).

Petitioner's "fraud on the court" claim is without merit. He fails to show that any alleged fraud was committed by an officer of *this Court*. (emphasis supplied). In order for a claim of fraud on the court to succeed, so as to permit relief from a state conviction pursuant to Fed.R. Civ. P. 60, "the fraud must have been committed by an officer of the federal habeas trial or appellate courts." *Buell v. Anderson,* 48 F. App'x. 491, 499 (6th Cir. 2002)(citing *Workman v. Bell*, 227 F. 3d 331, 336, 341 (6th Cir. 2000)(*en banc*)). The Assistant Wayne County Prosecutor was not acting as an officer of the federal habeas court when, while acting in her capacity as a prosecutor, she allegedly withheld evidence; the "fraud upon the court" exception does not apply to permit Petitioner to obtain relief from judgment. *Id.*

Petitioner's Rule 60(b) motion alleging that the state prosecutor withheld exculpatory evidence alleges a violation of *Brady*. This is an attack on the constitutionality of his state court conviction, rather than a claim of fraud on the court; Accordingly, Petitioner is required to seek authorization from the Sixth Circuit before he can seek habeas relief on this claim. *See Alley v. Bell*, 392 F.3d 822, 831 (6th Cir. 2004).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). Under the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order

4

from the court of appeals authorizing the filing of such a successive motion or petition. *See Ferrazza v. Tessmer*, 36 F. Supp. 2d 965, 971 (E.D. Mich. 1999). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45, 47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.").

     Petitioner's Rule 60(b) motion is a successive habeas petition; the Clerk of Court is ordered to transfer it to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso,* 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

     Petitioner requests release from custody because of the Coronavirus pandemic.

     A district court loses jurisdiction over a state prisoner's habeas petition when it transfers it to Court of Appeals on the ground that it is a second or successive petition. *Jackson v. Sloan*, 800 F. 3d 260, 261 (6th Cir. 2015). This Court lacks jurisdiction pursuant to 28 U.S.C.A. §§ 1631 and 2244(b)(3)(A) to consider Petitioner's motion to

release him from custody. *Id.*, at 261-62; *See also Heximer v. Woods*, 2016 WL 183629, at * 3 (denying motion for bail on successive habeas petition).

The denial is without prejudice to Petitioner seeking other forms of relief in federal court from the conditions of his confinement.

### III.  ORDER

**The Court ORDERS:**

(1) The Clerk of the Court to reopen the case to the Court's Active Docket;

(2)  The Clerk of the Court must transfer the motion for relief from judgment to the United States Court of Appeals for the Sixth Circuit;

(3) The motion for release is DENIED WITHOUT PREJUDICE.

                                           s/ Victoria A. Roberts
                                           **HON. VICTORIA A. ROBERTS**
**Dated: 5/29/2020**                     **UNITED STATES DISTRICT JUDGE**