UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN MARION,

    Petitioner,                         Civil No. 2:12-CV-13127
                                          HONORABLE VICTORIA A. ROBERTS
v.                                       UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent,
_____/

## OPINION AND ORDER DENYING THE MOTION TO STAY THE PETITION AND HOLD THE CASE IN ABEYANCE (ECF No. 77)

This matter is before the Court on Petitioner Allen Marion's motion to stay the petition and hold the case in abeyance so that he can exhaust state court remedies.

For the following reasons, the motion is denied.

This Court granted Petitioner a conditional writ of habeas corpus, finding that he was denied the effective assistance of trial counsel because his attorney failed to investigate and present an alibi defense. *Marion v. Woods*, 128 F Supp. 3d 987 (E.D. Mich. 2015). The Sixth Circuit reversed the decision. *Marion v. Woods*, 663 F. App'x. 378 (6th Cir. 2016); *cert. den.* 137 S. Ct. 2291 (2017).

Petitioner filed a Rule 60(b) motion for relief from judgment. Petitioner alleged that the Wayne County Prosecutor committed a fraud upon the court by withholding from the state trial court and Petitioner's defense counsel, evidence that another person, namely the sister of the sole eyewitness, was considered a suspect in the murder for which Petitioner was convicted. Petitioner alleged the prosecutor violated *Brady v. Maryland*, 373 U.S. 83

1

(1963) by failing to inform the Wayne County Circuit Court or defense counsel that the police had investigated the sister of Ricardo Sims as a possible murder suspect; she was a beneficiary on the murder victim's life insurance policy.  Petitioner also alleged that trial counsel was ineffective for failing to object to the non-disclosure, and that appellate counsel was ineffective for failing to raise this claim on direct appeal.

Petitioner's 60(b) motion was construed as a second or successive habeas petition and was transferred pursuant to 28 U.S.C. § 2244(b)(3)(A) for the Sixth Circuit to determine whether or not to grant Petitioner permission to file a second habeas petition. (ECF No. 74).

The United States Court of Appeals for the Sixth Circuit denied Petitioner permission to file a second habeas petition. *In Re Marion,* No. 20-1497 (6th Cir. Sep. 29, 2020)(ECF No. 76).

Petitioner filed a motion to stay the case and hold it in abeyance so that he can return to the state courts to exhaust his *Brady* claim.

A federal court is without jurisdiction to enter a stay of proceedings in connection with a successive habeas petition absent express authorization by the applicable court of appeals pursuant to 28 U.S.C. § 2244(b)(3)(A). *See Alley v. Bell,* 392 F. 3d 822, 833 (6th Cir. 2004).  The Sixth Circuit denied Petitioner permission to file a second habeas petition; this Court lacks jurisdiction to stay the case and hold it in abeyance pending the exhaustion of Petitioner's claim in the state courts.

**IT IS HEREBY ORDERED THAT:**

The motion to stay the case and hold the petition in abeyance (ECF No. 77) is

**DENIED.**

                                              s/ Victoria A Roberts
                                              **HON. VICTORIA A. ROBERTS**
**Dated: 1/4/2021**                          **UNITED STATES DISTRICT JUDGE**