# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

ALLEN MARION,

    Petitioner,              Civil No. 2:12-CV-13127
                                      HONORABLE VICTORIA A. ROBERTS
v.                               UNITED STATES DISTRICT JUDGE

JEFFREY WOODS,

    Respondent,
_____/

## OPINION AND ORDER ON REMAND (1) GRANTING THE MOTION TO REOPEN THE CASE TO THE COURT'S ACTIVE DOCKET, (2) GRANTING THE MOTION TO SUPPLEMENT THE REMAINING ISSUES, AND (3) SETTING DEADLINES FOR RESPONDENT TO FILE A SUPPLEMENTAL ANSWER

Petitioner, Allen Marion, filed a motion to supplement the remaining issues in his original petition, which is construed in part as a motion to reopen the case to adjudicate the remaining issues in his habeas case. For the reasons that follow, the Court orders the Clerk of the Court to reopen the petition to the Court's active docket. The Court grants Petitioner's motion to file a supplemental brief in support of the remaining issues. Respondent has ninety days from this order to file a supplemental answer if he chooses.

## I. Background

This Court granted Petitioner a conditional writ of habeas corpus, finding that he was denied the effective assistance of trial counsel because his attorney failed to investigate and present an alibi defense. *Marion v. Woods*, 128 F Supp. 3d 987 (E.D. Mich. 2015). This Court declined to address Petitioner's remaining claims.

The Sixth Circuit reversed the decision and remanded the case "for dismissal of the § 2254 petition." *Marion v. Woods*, 663 F. App'x. 378 (6th Cir. 2016); *cert. den*. 137 S. Ct. 2291 (2017).

This Court reopened the case to adjudicate Petitioner's remaining claims. (ECF No. 45).

The Court granted Petitioner's motion to hold the case in abeyance while he sought a writ of certiorari with the Supreme Court. (ECF No. 47).  The Supreme Court denied Petitioner a writ of certiorari. (ECF No. 48).

Petitioner sought to reinstate the habeas petition and relitigate his original ineffective assistance of counsel claim.  The Court transferred the matter to the United States Court of Appeals for the Sixth Circuit pursuant to the provisions of 28 U.S.C. § 2244(b). (ECF No. 50).  The Sixth Circuit denied Petitioner permission to seek habeas relief on this claim a second time. (ECF No. 51).

Petitioner has since filed several Rule 60(b) motions or motions to amend the petition, which have been denied. (ECF Nos. 65, 71, 74).  Petitioner was denied permission to hold the petition in abeyance to exhaust an additional claim in the state courts for which he was denied permission to file a successive habeas petition. (ECF No. 78).  Petitioner, however, never moved to reopen the case to adjudicate the remaining claims from his original habeas petition.

Petitioner again seeks to reinstate the habeas petition to adjudicate the remaining claims in his original habeas petition.

Federal courts have the power to order that a habeas petition be reinstated in various contexts. *See e.g. Rodriguez v. Jones*, 625 F. Supp. 2d 552, 559 (E.D. Mich. 2009). The Sixth Circuit reversed this Court's decision to grant habeas relief to Petitioner on his ineffective assistance of counsel claim; the Court reopens the petition and orders the Clerk of the Court to reinstate this case to the Court's active docket to adjudicate Petitioner's remaining claims. Petitioner's remaining claims had not been addressed by this Court and were not before the Sixth Circuit; this Court construes the Sixth Circuit's remand order directing a dismissal of the habeas petition to pertain only to the ineffective assistance of counsel claim that this Court originally granted habeas relief on. *See McGhar v. Koehler*, 1988 WL 35193, * 1, 845 F.2d 326 (6th Cir. Apr. 20, 1988).

Petitioner is granted permission to file a supplemental brief. A habeas petitioner is permitted to assert his or her claims in a supporting brief. *See Dye v. Hofbauer*, 546 U.S. 1, 4 (2005). Respondent has ninety days from this order to file a supplemental response brief, if he so chooses.

## **ORDER**

The Court **REOPENS** the Petition for Writ of Habeas Corpus to the Court's Active Docket.

The motion to file a supplemental brief is **GRANTED.**

Respondent has **ninety (90) days** from the date of this order file a response brief, if he so chooses.

s/ Victoria A. Roberts<br>
**HON. VICTORIA A. ROBERTS**<br>
**UNITED STATES DISTRICT JUDGE**

**Dated: 3/22/2021**