UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN MARION,

    Petitioner,

v.

JEFFREY WOODS,

    Respondent,

Civil No. 2:12-CV-13127
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

_____/

**OPINION AND ORDER DENYING THE EMERGENCY MOTION FOR BOND PENDING APPEAL (ECF No. 88), GRANTING THE EMERGENCY MOTIONS TO AMEND THE PETITION (ECF No. 90, 91), HOLDING IN ABEYANCE THE PETITION FOR WRIT OF HABEAS CORPUS AND ADMINISTRATIVELY CLOSING THE CASE**

    Petitioner, Allen Marion, filed an emergency motion for bond pending appeal and two emergency motions to amend the petition.

    For the reasons that follow, the motion for bond is DENIED. The Court GRANTS the motions to amend the petition. The second amended petition contains a claim that is unexhausted. In *lieu* of dismissing the case, the Court holds the petition in abeyance and stays the proceedings to permit Petitioner to return to the state courts to exhaust his claim. The Court administratively closes the case.

**I. Background**

    This Court granted Petitioner a conditional writ of habeas corpus, finding that he was denied the effective assistance of trial counsel because his attorney failed to

1

investigate and present an alibi defense. *Marion v. Woods*, 128 F Supp. 3d 987 (E.D. Mich. 2015). This Court declined to address Petitioner's remaining claims.

The Sixth Circuit reversed the decision and remanded the case "for dismissal of the § 2254 petition." *Marion v. Woods*, 663 F. App'x. 378 (6th Cir. 2016); *cert. den*. 137 S. Ct. 2291 (2017).

The case was reopened to the Court's docket. (ECF No. 81). Petitioner filed a supplemental brief. (ECF No. 84). Respondent filed a supplemental answer. (ECF No. 89).

**A. The emergency motion for bond pending appeal (ECF No. 88).**

Petitioner filed a motion for bond pending appeal.

In order to receive bond pending a decision on the merits of a habeas corpus petition, a petitioner must show a substantial claim of law based on the facts and exceptional circumstances justifying special treatment in the interest of justice. *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993)(*quoting Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990)); *See also Nash v. Eberlin,* 437 F. 3d 519, 526, n. 10 (6th Cir. 2006). There will be few occasions where a habeas petitioner meets this standard. *Dotson*, 900 F. 2d at 79. Federal courts may grant bail when granting the writ. *See Sizemore v. District Court,* 735 F. 2d 204, 208 (6th Cir. 1984). By implication, a federal court should not grant bail under other circumstances. Petitioner failed to establish at this time that he would prevail on the merits of his remaining claims; he is not entitled

to release on bail. *See e.g. Greenup v. Snyder,* 57 F. App'x. 620, 621-22 (6th Cir. 2003).

Petitioner argues that his case is meritorious because he was previously granted habeas relief on his claim that counsel was ineffective for failing to present an alibi defense. Although this Court believes its decision to grant relief was correct, the Sixth Circuit reversed the grant and reinstated the conviction. Under the law of the case doctrine, a court is ordinarily precluded from re-examining an issue previously decided by the same court, or by a higher court in the same case. *Consolidation Coal Co. v. McMahon*, 77 F. 3d 898, 905 (6th Cir. 1996). The law of the case doctrine applies to habeas cases in various contexts. *See Crick v. Smith*, 729 F. 2d 1038, 1039 (6th Cir. 1984). "Under the doctrine of law of the case, findings made at one point of the litigation become the law of the case for subsequent stages of that same litigation." *United States v. Moored*, 38 F.3d 1419, 1421 (6th Cir. 1994). The law of the case doctrine "generally bars the district court from reconsidering those issues that the court of appeals has already explicitly or impliedly resolved." *Keith v. Bobby*, 618 F.3d 594, 599 (6th Cir. 2010); *See also In re Kenneth Allen Knight Trust*, 303 F.3d 671, 676 (6th Cir. 2002)("Issues decided at an early stage of the litigation, either explicitly or by necessary inference from the disposition, constitute the law of the case.")(internal quotation marks and citations omitted). The

Sixth Circuit ruled that Petitioner's claim did not entitle him to relief; Petitioner is not entitled to release on bond on this claim.

Petitioner also seeks release on bond, claiming that his health is in danger because of the current historic Coronavirus pandemic and the risks that the virus poses to inmates.

The Court is sympathetic to Petitioner's concerns. Nonetheless, Petitioner is not entitled to emergency release on bond.

Petitioner's request to be released due to COVID-19 is completely unrelated to the claims that he raises in his original and amended petitions. As such, the claims and relief requested in Petitioner's motion for release are "outside the scope of this lawsuit." *Ross v. Chapman*, No. 2:19-CV-13729, 2021 WL 148020, at * 4 (E.D. Mich. Jan. 15, 2021). "Petitioner may not "piggy-back" a separate, unrelated claim to his habeas petition." *Id.*

Petitioner failed to show that the State of Michigan is unable or unwilling of protecting him and other inmates through precautionary measures. *Titus v. Nagy*, No. 2:18-CV-11315, 2020 WL 1930059, at * 3 (E.D. Mich. Apr. 21, 2020), *reconsideration denied,* No. 2:18-CV-11315, 2020 WL 2733882 (E.D. Mich. May 26, 2020). The Director of the Michigan Department of Corrections (MDOC) issued a memorandum, listing in detail the numerous steps undertaken by the MDOC to protect staff and prisoners from the spread of COVID-19. The Director's

memorandum outlines various precautionary measures that staff should take to prevent the spread of COVID-19. These precautionary measures include: developing isolation areas for the placement and treatment of prisoners who (i) have tested positive for COVID-19, (ii) are under investigation for having COVID-19, or (iii) have had close contact with known-positive COVID-19 individuals; the wearing of protective gear; the screening of individuals entering correctional facilities; and social distancing. *Id.*

Governor Gretchen Whitmer also promulgated certain protocols to mitigate the spread of COVID-19 among state prisoners and employees who work in state prisons. Executive Order 2020-119 requires MDOC to continue the risk-reduction protocols already in place and implemented in its facilities. These protocols include: screening persons entering and departing facilities; restricting visitors; limiting off-site appointments; developing and implement protocols for inmates with COVID-19 symptoms; providing personal protective equipment for staff; stringently cleaning areas and surfaces; ensuring access to personal hygiene products; practicing social distancing; and minimizing crowding. *Id.*

The extensive precautionary measures undertaken by the MDOC to limit inmates' exposure to Covid-19 at the direction of the Governor and the Director of the MDOC rebut Petitioner's argument that exceptional circumstances exist to justify his release on bond.

Petitioner's case is distinguishable from cases in which habeas petitioners were released on bond. Unlike the petitioner who was released on bond in *Puertas v. Overton*, 272 F. Supp.2d 621 (E.D. Mich. 2003), Petitioner failed to show that he is in dire health, suffers from severe coronary disease, or required to follow a life-preserving regimen for an aggressive form of cancer.

Petitioner's case also is distinguishable from *Clark v. Hoffner*, No. 2:16-cv-11959, 2020 WL 1703870 (E.D. Mich. Apr. 8, 2020), a case in which this Court released a habeas petitioner on bond due to the threat of COVID-19 at the Lakeland Correctional Facility. This Court already granted habeas relief on Petitioner's claim and concluded that there was evidence of actual innocence. Additionally, that Petitioner had followed all conditions of bond when he was previously released, and after the Sixth Circuit ordered the District Court to reverse its order granting release on bond, the Wayne County's Conviction Integrity Unit investigated the case and was prepared to recommend that the Petitioner be completely exonerated or given a new trial.

Unlike the *Clark* case, Petitioner has not been granted relief on any of his remaining claims. Petitioner claims that the Wayne County Prosecutor's Office Conviction Integrity Unit is investigating his claim of actual innocence but presented no evidence to this Court to substantiate that claim. The Court will reconsider Petitioner's request if he presents evidence that the Conviction Integrity Unit is

6

investigating his actual innocence claim and considering recommending his release. At this point, the motion for bond is denied.

### B. The emergency motions to amend the petition. (ECF No. 90, 91).

Petitioner filed two motions to amend the petition.

The decision to grant or deny a motion to amend a habeas petition is within the discretion of the district court. *Clemmons v. Delo*, 177 F. 3d 680, 686 (8th Cir. 1999)(*citing to* Fed.R.Civ.P. Rule 15. Notice and substantial prejudice to the opposing party are the critical factors in determining whether an amendment to a habeas petition should be granted. *Coe v. Bell*, 161 F. 3d 320, 341-342 (6th Cir. 1998). A motion to amend a habeas petition may be denied when it has been unduly delayed and when allowing the motion would prejudice the nonmovant. *Smith v. Angelone*, 111 F. 3d 1126, 1134 (4th Cir. 1997). However, delay by itself is not sufficient to deny a motion to amend. *Coe*, 161 F. 3d at 342.

Petitioner's proposed amended habeas petitions should be granted; they advance new claims that may have arguable merit. *See e.g. Braden v. United States*, 817 F.3d 926, 930 (6th Cir. 2016).

### C. Petitioner's new *Brady* claim is unexhausted.

Petitioner in his second emergency motion to amend alleges that he has newly discovered evidence that the Wayne County Prosecutor committed a fraud upon the court by withholding from the state trial court and Petitioner's defense counsel,

7

evidence that another person, namely the sister of the sole eyewitness, was considered a suspect in the murder for which Petitioner was convicted. Petitioner alleged the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to disclose to the Wayne County Circuit Court or defense counsel that the police had investigated the sister of Ricardo Sims as a possible murder suspect; she was a beneficiary on the murder victim's life insurance policy. Petitioner also alleged that trial counsel was ineffective for failing to object to the non-disclosure, and that appellate counsel was ineffective for failing to raise this claim on direct appeal.

Petitioner brought this claim in a Rule 60(b) motion, which was construed as a second or successive habeas petition and transferred pursuant to 28 U.S.C. § 2244(b)(3)(A) for the Sixth Circuit to determine whether or not to grant Petitioner permission to file a second habeas petition. (ECF No. 74). The United States Court of Appeals for the Sixth Circuit denied Petitioner permission to file a second habeas petition. *In Re Marion*, No. 20-1497 (6th Cir. Sep. 29, 2020)(ECF No. 76).

This Court now believes that it erred in treating Petitioner's Rule 60(b) motion as a successive habeas petition. A district court has jurisdiction to entertain "numerically second petitions that are not 'second or successive' petitions within the meaning of 28 U.S.C. § 2244(b)" and thus needs no authorization from the Sixth Circuit to consider such a petition when it is filed in the district court. *In Re Smith,* 690 F. 3d 809, 809 (6th Cir. 2012)(collecting cases). Indeed, "a district court may

(and should) rule on newly ripe claims and is 'not required to get authorization' from the court of appeals before doing so." *Id.,* at 810. Petitioner's *Brady* claim was not ripe at the time that the original petition was adjudicated; this claim is not a second or successive claim for purposes of § 2244(b). *See In re Salem*, 631 F.3d 809, 813 (6th Cir. 2011); *See also McGowan v. Christiansen*, 353 F. Supp. 3d 662, 669–70 (E.D. Mich. 2018)(Petitioner's *Brady* claim did not amount to second or successive habeas petition for which he was required to obtain permission from the Court of Appeals before he could raise the claim on remand in the District Court, where petitioner had never received an adjudication of the claim; District Court conditionally granted petitioner habeas relief on another claim, and essentially dismissed his *Brady* claim without prejudice because it was not ripe and unexhausted).

Petitioner admits that he did not exhaust this claim with the state courts. Petitioner argues that he has no remedy to exhaust this claim because the one year statute of limitations for him to file a successive post-conviction motion for relief from judgment under M.C.R. 6.502(G) expired. (ECF No. 91, PageID. 2419).

A state prisoner who seeks federal habeas relief must first exhaust his or her available state court remedies before raising a claim in federal court. 28 U.S.C. § 2254(b) and (c). *See Picard v. Connor*, 404 U. S. 270, 275-78 (1971). Federal district courts must dismiss habeas petitions which contain unexhausted claims. *See*

9

*Pliler v. Ford*, 542 U.S. 225, 230 (2004)(citing *Rose v. Lundy,* 455 U.S. 509, 510, 522 (1982)). A federal court cannot consider granting habeas relief "if there still is a potential state remedy for the state courts to consider." *See Wagner v. Smith,* 581 F. 3d 410, 415 (6th Cir. 2009).

Contrary to Petitioner's assertions, M.C.R. 6.502(G) does not contain a one year statute of limitations for bringing a post-conviction motion for relief from judgment based on newly discovered evidence. *See Wilkins v. Kawalski*, No. 1:20-CV-1057, 2021 WL 1015914, at * 5 (W.D. Mich. Mar. 17, 2021).

Exhausting state court remedies in this case requires the filing of a post-conviction motion for relief from judgment under M.C.R. 6.500. *See Wagner v. Smith,* 581 F. 3d at 419. Petitioner could exhaust his claim by filing a motion for relief from judgment with the Wayne County Circuit Court under M.C.R. 6.502. The denial of a motion for relief from judgment can be appealed to the Michigan Court of Appeals and the Michigan Supreme Court. M.C.R. 6.509; M.C.R. 7.203; M.C.R. 7.302. *See Nasr v. Stegall,* 978 F. Supp. 714, 717 (E.D. Mich. 1997).

The outright dismissal of the petition, even without prejudice, might result in petitioner being foreclosed from presenting his claims in federal court due to the expiration of the one year statute of limitations contained in the Antiterrorism and Effective Death Penalty Act (AEDPA). *See* 28 U.S.C. § 2244(d)(1). A common circumstance that calls for the abatement of a habeas petition arises when an original

10

petition was timely filed, but a second, exhausted habeas petition would be time barred by the statute of limitations for filing habeas petitions contained in 28 U.S.C. § 2244(d)(1). *See Hargrove v. Brigano,* 300 F. 3d 717, 720-21 (6th Cir. 2002).

A habeas petitioner who is concerned about the possible effects of his or her state post-conviction filings on the AEDPA's statute of limitations can file a "protective" petition in federal court and then ask for the petition to be held in abeyance pending the exhaustion of state post-conviction remedies. *See Pace v. DiGuglielmo,* 544 U.S. 408, 416 (2005)(citing *Rhines v. Weber,* 544 U.S. 269 (2005)). A federal court may stay a federal habeas petition and hold the petition in abeyance pending resolution of state court post-conviction proceedings, if there is good cause for failure to exhaust and the unexhausted claims are not "plainly meritless." *Rhines,* 544 U.S. at 278.

Petitioner's claim does not appear to be "plainly meritless." *See Wagner v. Smith,* 581 F. 3d at 419. Petitioner's *Brady* claim is based on newly discovered evidence; Petitioner shows good cause for failing to raise this claim sooner. *See e.g. Cunningham v. Hudson*, 756 F.3d 477, 486 (6th Cir. 2014).

A criminal defendant in Michigan can typically file only one motion for relief from judgment with regard to a criminal conviction. *See Banks v. Jackson,* 149 F. App'x. 414, 418 (6th Cir. 2005); *Hudson v. Martin*, 68 F. Supp. 2d 798, 800 (E.D. Mich. 1999)(*citing to People v. Ambrose*, 459 Mich. 884; 587 N. W. 2d 282 (1998)).

11

However, M.C.R. 6.502(G)(2) states that a defendant may file a second or subsequent motion based on a retroactive change in law that occurred after the first motion for relief from judgment or a claim of new evidence that was not discovered before the first such motion. *Banks,* 149 F. App'x. at 418; *Hudson,* 68 F. Supp. 2d at 800-01. Petitioner alleges that his claim is based on newly discovered evidence.

This Court "should exercise caution in finding that" 6.502(G) would bar Petitioner from presenting his *Brady* claim to the Michigan courts. *Banks,* 419 F. App'x. at 418. "Because it is at least debatable whether the Michigan courts would entertain this claim on a second or successive motion for state postconviction relief,"*Id.,* based on one of the exceptions contained in M.C.R. 6.502(G)(2), particularly the newly discovered evidence exception, a procedural bar to such a second motion is not clearly applicable; Petitioner is granted a stay of proceedings to permit him to attempt to exhaust his claim in a second motion for relief from judgment with the state courts. *Id.* at 419-20; *See also Cunningham,* 756 F. 3d at 485-87.

When a district court determines that a stay is appropriate pending exhaustion of state court remedies, the district court "should place reasonable time limits on a petitioner's trip to state court and back." *Rhines,* 544 U.S. at 278. To ensure that Petitioner does not delay in exhausting his state court remedies, the Court imposes upon Petitioner time limits within which he must proceed. *See Palmer v. Carlton*,

276 F.3d 777, 781 (6th Cir. 2002). Petitioner must present his claim in state court by filing a post-conviction motion for relief from judgment with the state trial court within ninety days from the date of this Order. *See id.* Further, he must ask this Court to lift the stay within ninety days of exhausting his state court remedies. *See id.* "If the conditions of the stay are not met, the stay may later be vacated *nunc pro tunc* as of the date the stay was entered, and the petition may be dismissed." *Palmer*, 276 F. 3d at 781 (internal quotation omitted).

### ORDER

The Court ORDERS:

(1) The emergency motion for bond pending appeal (ECF No. 88) is **DENIED**.

(2) The emergency motions to amend the petition (ECF No. 90, 91) are **GRANTED.**

(3) The petition is held in abeyance. Petitioner must file a motion for relief from judgment in state court within ninety days of receipt of this order. He must notify this Court in writing that such motion papers have been filed in state court. If he fails to file a motion or notify the Court that he has done so, the Court will lift the stay and will reinstate the original petition for writ of habeas corpus to the Court's active docket and will proceed to adjudicate only those claims that were raised in the original petition and the first amended petition (ECF No. 90). After Petitioner fully exhausts his *Brady* claim, he must file an amended petition that includes the new claim within ninety days after the conclusion of his state court post-conviction proceedings, along with a motion to lift the stay. Failure to do so will result in the Court lifting the stay and adjudicating the merits of the claims raised in the original habeas petition and the first amended petition.

(4) The Clerk of Court must **CLOSE** this case for statistical purposes only. Nothing in this order or in the related docket entry shall be considered a dismissal or disposition of this matter. Upon receipt of a motion to reinstate the habeas petition following exhaustion of state remedies, the Court will order the Clerk to reopen this case for statistical purposes.

                                                   s/ Victoria A. Roberts  
                                                   **HON. VICTORIA A. ROBERTS**  
**Dated:  11/19/2021**                  **UNITED STATES DISTRICT JUDGE**