UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALLEN MARION,

    Petitioner,

v.

JEFFREY WOODS,

    Respondent,
_____/

Civil No. 2:12-CV-13127
HONORABLE VICTORIA A. ROBERTS
UNITED STATES DISTRICT JUDGE

## OPINION AND ORDER DENYING THE EMERGENCY MOTION TO RECONSIDER BOND PENDING FINAL RESOLUTION OF CLAIMS (ECF No. 93) AND GRANTING PETITIONER'S REQUEST FOR THE PRODUCTION OF DOCUMENTS (ECF No. 94)

Petitioner, Allen Marion, filed an emergency motion to reconsider bond pending final resolution of claims and a request for the production of documents. The motion for reconsideration is denied. The request for the production of documents is granted. The Clerk of the Court is directed to provide Petitioner with Exhibits A-D from his April 8, 2020 motion for relief from judgment. (ECF No. 72, PageID. 2071-94).

On November 19, 2021, this Court held the petition in abeyance and administratively closed the case so that Petitioner could return to the state courts to exhaust an additional claim contained in his amended petition. The Court denied Petitioner's emergency motion for bond pending appeal. *Marion v. Woods*, No. 2:12-CV-13127, 2021 WL 5416228 (E.D. Mich. Nov. 19, 2021).

1

Petitioner filed a motion for the Court to reconsider the order denying bond.

U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (h) allows a party to file a motion for reconsideration. However, a motion for reconsideration which presents the same issues already ruled upon by the court, either expressly or by reasonable implication, will not be granted. *Michigan Regional Council of Carpenters v. Holcroft L.L.C.* 195 F. Supp. 2d 908, 911 (E.D. Mich. 2002)(*citing to* U.S. Dist.Ct. Rules, E.D. Mich. 7.1 (g)(3)). A motion for reconsideration should be granted if the movant demonstrates a palpable defect by which the court and the parties have been misled and that a different disposition of the case must result from a correction thereof. *Id.* A palpable defect is a defect that is obvious, clear, unmistakable, manifest, or plain. *Witzke v. Hiller*, 972 F. Supp. 426, 427 (E.D. Mich. 1997).

Petitioner's motion for reconsideration is denied; Petitioner is merely presenting issues which were already ruled upon by this Court, either expressly or by reasonable implication, when the Court denied Petitioner's motion for bond. *Hence v. Smith,* 49 F. Supp. 2d 549, 553 (E.D. Mich. 1999).

Petitioner requested the Court to provide him with copies of documents which he needs to prepare his state post-conviction motion for relief from judgment. Petitioner claims that he lost his copies of these documents because he has been moved around the prison system due to the Coronavirus pandemic.

28 U.S.C. § 2250 states:

2

"If on any application for a writ of habeas corpus an order has been made permitting the petitioner to prosecute the application in forma pauperis, the clerk of any court of the United States shall furnish to the petitioner without cost certified copies of such documents or parts of the record on file in his office as may be required by order of the judge before whom the application is pending."

The Court grants Petitioner's request. The Clerk of the Court is directed to provide Petitioner with Exhibits A-D (ECF No. 72, PageID. 2071-94) of his motion for relief from judgment dated April 8, 2020.

## **ORDER**

IT IS HEREBY ORDERED That:

(1) The emergency motion to reconsider bond pending final disposition of claims (ECF No. 93) is **DENIED**.

(2) The request for production of documents (ECF No. 94) is **GRANTED.**

s/ Victoria A. Roberts
**HON. VICTORIA A. ROBERTS**
**Dated: 1/6/2022** **UNITED STATES DISTRICT JUDGE**