UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| ALLEN MARION,<br><br>                   Petitioner,<br><br>v.<br><br>JEFFREY WOODS,<br><br>                   Respondent. | Case No. 12-13127<br>Honorable Shalina D. Kumar<br>Mag. Judge Anthony P. Patti |

**OPINION AND ORDER (1) REOPENING THE CASE TO THE COURT'S ACTIVE DOCKET, AND (2) TRANSFERRING THE EXPEDITED (AMENDED) PETITION FOR WRIT OF HABEAS CORPUS (ECF No. 99) TO THE UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT PURSUANT TO 28 U.S.C. § 2244(b)(3)(A)**

Allen Marion, (Petitioner), has filed an expedited petition for writ of habeas corpus, in which he seeks to reinstate the ineffective assistance of trial counsel claim on his now closed habeas case.

The Clerk of the Court shall reopen the case to the Court's active docket. Petitioner's expedited habeas petition is a successive habeas petition. Accordingly, the Clerk of the Court shall transfer the petition (ECF No. 99) to the Court of Appeals pursuant to 28 U.S.C. § 2244(b)(3)(A).

This Court's predecessor, Judge Victoria A. Roberts, granted Petitioner a conditional writ of habeas corpus, finding that he was denied the effective assistance of trial counsel because his attorney failed to investigate

1

and present an alibi defense. *Marion v. Woods*, 128 F Supp. 3d 987 (E.D. Mich. 2015).  The Sixth Circuit reversed the decision and remanded the case "for dismissal of the § 2254 petition." *Marion v. Woods*, 663 F. App'x 378 (6th Cir. 2016); *cert. den*. 137 S. Ct. 2291 (2017).

On December 17, 2018, Petitioner sent a letter to Judge Roberts (ECF No. 49). In this letter, Petitioner asked for his ineffective assistance of trial counsel claim to be reinstated. Petitioner asked for his case to be reopened, in part because he believed that *de novo* review of his claim was necessary because the state courts had overlooked an affidavit that he filed with his state post-conviction motion.

Judge Roberts determined that Petitioner's request to reopen his case amounted to a successive habeas petition and transferred the matter to the Sixth Circuit Court of Appeals to determine whether or not Petitioner should be permitted to file a successive habeas petition. *Marion v. Woods*, No. 12-13127, 2018 WL 11302819 (E.D. Mich. Jan. 10, 2018). The Sixth Circuit denied Petitioner permission to file a second habeas petition to raise his ineffective assistance of trial counsel claim a second time.  *In Re Marion,* No. 18-1042 (6th Cir. Apr. 24, 2018)(See this Court's Docket ECF No. 51).

Petitioner has now filed an expedited petition for writ of habeas corpus. Petitioner asks for this Court to reinstate his claim that trial counsel was

2

ineffective for failing to raise an alibi defense. Petitioner argues that the Sixth Circuit erred in concluding that the claim had been adjudicated on the merits by the state courts and thus wrongly employed § 2254(d)'s deferential standard of review when concluding that trial counsel had not been ineffective. Petitioner argues that the state courts never adjudicated his ineffective assistance of counsel claim on the merits, hence, his claim should be reviewed *de novo*, as he claims was done by Judge Roberts when she granted him habeas relief. Petitioner argues that under a *de novo* review of his claim, he is entitled to habeas relief from his conviction. [1]

---

[1] So as to avoid any confusion, this Court notes that after the Sixth Circuit reversed the conditional grant, Judge Roberts allowed Petitioner to file an amended habeas petition, which alleged the prosecutor violated *Brady v. Maryland*, 373 U.S. 83 (1963) by failing to disclose to the Wayne County Circuit Court or defense counsel that the police had investigated the sister of the sole prosecution eyewitness as a possible murder suspect, because she was a beneficiary on the murder victim's life insurance policy. Petitioner also alleged that trial counsel was ineffective for failing to object to the non-disclosure, and that appellate counsel was ineffective for failing to raise this claim on direct appeal. Judge Roberts concluded that she had previously erred in ruling that Petitioner needed permission from the Sixth Circuit to raise his *Brady* claim because it was based on newly discovered evidence that was not available to Petitioner when he filed his initial habeas petition. Because the claim was "newly ripe," the amended petition was not a successive petition within the meaning of § 2244(b)(3)(A) and thus it was unnecessary for Petitioner to obtain authorization from the Sixth Circuit to file his amended habeas petition. Judge Roberts, however, held the petition in abeyance and administratively closed the case because Petitioner had yet to exhaust his *Brady* claim and the related ineffective assistance claims with the state courts. *Marion v. Woods*, No. 12-13127, 2021 WL 5416228 (E.D. Mich. Nov. 19, 2021). Petitioner in his current expedited petition does not

Petitioner seeks to reopen his case and reinstate his original habeas petition. The Clerk of the Court shall reopen the case to facilitate the adjudication of Petitioner's expedited petition. *See Marion v. Woods,* 2018 WL 11302819, at * 1 (citing *Heximer v. Woods*, No. 2:08-CV-14170, 2016 WL 183629, at * 1 (E.D. Mich. Jan. 15, 2016)).

An individual seeking to file a second or successive habeas petition must first ask the appropriate court of appeals for an order authorizing the district court to consider the petition. See 28 U.S.C. § 2244(b)(3)(A); *Stewart v. Martinez-Villareal*, 523 U.S. 637, 641 (1998). When a habeas petitioner files a second or successive petition for habeas corpus relief in the district court without preauthorization from the court of appeals, the district court must transfer the document to the court of appeals. *See* 28 U.S.C. § 1631 (directing that "[w]henever a civil action is filed in a court ... and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed"); *In re Sims*, 111 F.3d 45,

---

seek to reopen his case to adjudicate these new claims nor does he allege he has even exhausted them with the state courts. Accordingly, this Court makes no determination at this time whether Petitioner exhausted those claims and/or whether his case should be reopened to adjudicate those claims.

47 (6th Cir.1997)(holding that "when a prisoner has sought § 2244(b)(3) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."). Petitioner's expedited habeas petition is an attempt to file a second or successive habeas petition because the new petition seeks to re-litigate a claim that was raised in Petitioner's first habeas petition. *See In re Bowling*, 422 F.3d 434, 440 (6th Cir. 2005).

To the extent that Petitioner seeks authorization from this Court to file a successive habeas petition, any motion to authorize a second habeas petition is not properly before this Court. This Court lacks jurisdiction to entertain a § 2244 motion. *See Riggleman v. W. Virginia Dep't of Corr.*, 174 F. App'x 168, 169, n. 1 (4th Cir. 2006). This Court should instead forward any such motion to the Sixth Circuit for their determination whether Petitioner should be permitted to file a second habeas petition. *Id.*

To the extent that Petitioner challenges the Sixth Circuit's prior decision to deny him permission to file a successive habeas petition to again seek habeas relief on his ineffective assistance of counsel claim, this Court lacks the power to alter the Sixth Circuit's decision. A district court lacks the

authority to reinstate a habeas petitioner's second or successive petition for writ of habeas corpus after the Court of Appeals declines to grant petitioner leave to file such a petition. *See White v. Carter,* 27 F. App'x 312, 313-14 (6th Cir. 2001).

Accordingly, the Clerk of Court shall transfer the expedited petition for writ of habeas corpus to the United States Court of Appeals for the Sixth Circuit pursuant to *Sims* and 28 U.S.C. § 1631. *See Galka v. Caruso*, 599 F. Supp. 2d 854, 857 (E.D. Mich. 2009).

## ORDER

The Court **ORDERS** that:

(1) The Clerk of the Court reopen the case to the Court's Active Docket.
(2) The Clerk of the Court shall transfer Petitioner's Expedited (Amended) Petition For Writ of Habeas Corpus (ECF No. 99) to the United States Court of Appeals for the Sixth Circuit for authorization to file a subsequent petition as required by 28 U.S.C. § 2244(b)(3)(A) pursuant to 28 U.S.C. § 1631.

s/Shalina D. Kumar
Hon. Shalina D. Kumar
Dated: June 28, 2024         United States District Judge