UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| Allen Marion,<br><br>Petitioner,<br><br>v.<br><br>Jeffrey Woods,<br><br>Respondent. | Case No. 2:12-13127<br>Honorable Shalina D. Kumar<br>Magistrate Judge Anthony P. Patti |

**OPINION AND ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT FILED PURSUANT TO RULE 60(d)(1) (ECF No. 103), AND DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY OR LEAVE TO APPEAL *IN FORMA PAUPERIS***

Petitioner Allen Marion ("Marion") has filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(d)(1). For the reasons that follow, the motion is denied.

This Court's predecessor, Judge Victoria A. Roberts, granted Marion a conditional writ of habeas corpus, finding that he was denied the effective assistance of trial counsel because his attorney failed to investigate and present an alibi defense. *Marion v. Woods*, 128 F Supp. 3d 987 (E.D. Mich. 2015). The Sixth Circuit reversed the decision and remanded the case "for dismissal of the § 2254 petition." *Marion v. Woods*, 663 F. App'x 378 (6th Cir. 2016); *cert. den*. 137 S. Ct. 2291 (2017).

On December 17, 2018, Marion sent a letter to Judge Roberts. ECF No. 49. In this letter, Marion asked for his ineffective assistance of trial counsel claim to be reinstated. Additionally, he asked for his case to be reopened, in part because he believed that *de novo* review of his claim was necessary because the state courts had overlooked an affidavit that he filed with his state post-conviction motion.

Judge Roberts determined that Marion’s request to reopen his case amounted to a successive habeas petition and transferred the matter to the Sixth Circuit Court of Appeals to determine whether or not he should be permitted to file a successive habeas petition. ECF No. 50. The Sixth Circuit denied Marion permission to file a second habeas petition to raise his ineffective assistance of trial counsel claim a second time. ECF No. 51.

On or about May 8, 2024, Marion filed an expedited petition for writ of habeas corpus in which he asked this Court to reinstate his claim that trial counsel was ineffective for failing to raise an alibi defense. ECF No. 99. He argued that the Sixth Circuit erred in concluding that the claim had been adjudicated on the merits by the state courts, and thus wrongly employed § 2254(d)’s deferential standard of review when concluding that trial counsel had not been ineffective. Marion also argued that the state courts never adjudicated his ineffective assistance of counsel claim on the merits,

hence, his claim should be reviewed *de novo*, as he alleged was done by Judge Roberts when she granted him habeas relief. He asserts that under a *de novo* review of his claim, he is entitled to habeas relief from his conviction. This Court again determined that Marion's expedited habeas petition was a successive habeas petition which required authorization pursuant to 28 U.S.C. § 2244(b)(3)(A) and transferred the case to the Sixth Circuit Court of Appeals to determine whether or not Marion should be permitted to file a successive habeas petition. ECF No. 100. The Sixth Circuit denied Marion permission to file a successive habeas petition. ECF No. 101.

Marion has now filed a motion for relief from judgment pursuant to Fed. R. Civ. P. 60(d), advancing the same arguments he brought in his last petition, and once again requests a *de novo* review of his claim. ECF No. 103. The Sixth Circuit has found that the indisputable elements of an independent action for relief from judgment are:

> (1) a judgment which ought not, in equity and good conscience, to be enforced; (2) a good defense to the alleged cause of action on which the judgment is founded; (3) fraud, accident, or mistake which prevented the defendant in the judgment from obtaining the benefit of his defense; (4) the absence of fault or negligence on the part of the defendant; and the absence of any adequate remedy at law.

*Mitchell v. Rees*, 651 F.3d 593, 595 (6th Cir. 2011). More importantly, an independent action pursuant to Federal Rule of Civil Procedure 60 is "available only to prevent a grave miscarriage of justice." *Id.* (quoting *United States v. Beggerly*, 524 U.S. 38, 47 (1998)). In the context of a habeas or habeas type case, in order to establish that relief is required to prevent a grave miscarriage of justice, so as to maintain an independent action pursuant to Fed. Rule Civ. P. 60, a habeas petitioner must make a strong showing of his or her actual innocence. *Id.* at pp. 595-96 (citing *Calderon v. Thompson*, 523 U.S. 538, 557–58 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)).

Marion is not entitled to maintain an independent action for relief from judgment pursuant to Rule 60(d) for several reasons.

First, Marion is not entitled to bring an independent action under Rule 60(d) because he previously had opportunities to raise his argument that his ineffective assistance of counsel claim should be reviewed *de novo* and not under the deferential standards set forth in § 2254(d). *See Mitchell*, 651 F. 3d at 598-99. On respondent's appeal from Judge Roberts' decision, Marion's counsel argued in her appellee's brief that the state courts had not adjudicated his ineffective assistance of counsel claim on the merits, that it should not be reviewed under a deferential standard but *de novo,* and that

under this standard, Marion was entitled to habeas relief. *See Marion v. Woods,* No. 15-2139 (6th Cir.)(ECF No. 31). [1] Marion has since been able to again raise this argument twice before the Sixth Circuit after his two prior motions had been transferred to that court for the Sixth Circuit to determine whether her was entitled to file a successive habeas petition.

Secondly, assuming that the Sixth Circuit employed the wrong legal standard in adjudicating his habeas claim, this is not the equivalent of "actual innocence," which is a required element for an independent action for relief from a habeas judgment. *Mitchell,* 651. F.3d at 599. Therefore, the Rule 60(d) motion for relief from judgment will be denied.

Before Marion may appeal this decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claims, a certificate of appealability should issue, and an appeal of the district court's order may be taken, if the petitioner shows that jurists of reason would find it debatable whether the petitioner states a valid claim of the denial of a

---

[1] https://ca6-ecf.sso.dcn/cmecf/servlet/ShowDoc?.

constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petition should be allowed to proceed further. In such a circumstance, no appeal would be warranted. *Id.* "The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rules Governing § 2254 Cases, Rule 11(a), 28 U.S.C. foll. § 2254. A certificate of appealability is required for a habeas petitioner to appeal the denial of a Rule 60(d) motion for an independent action. *See e.g. Mitchell*, 651 F.3d at 594.

Marion is not entitled to a certificate of appealability from the denial of his Rule 60(d) motion because he failed to make a substantial showing of the denial of a constitutional right or that this Court's procedural ruling was incorrect. The Court will also deny Marion leave to appeal *in forma pauperis*, because the appeal would be frivolous. *See Allen v. Stovall,* 156 F. Supp. 2d 791, 798 (E.D. Mich. 2001).

According, **IT IS ORDERED** that Marion's motion for relief from judgment (ECF No. 103) is **DENIED.** The Court **DENIES** Marion a certificate of appealability and for leave to appeal *in forma pauperis.*

s/Shalina D. Kumar
Hon. Shalina D. Kumar
Dated: September 9, 2025 United States District Judge